IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis D. Richardson, | ) | Case No.: 4:25-cv-11506-JD-TER |
| a/k/a Curtis Dale Richardson, | ) | |
| a/k/a Curtis Richardson, #269166, | ) | |
| a/k/a Curtis Richardson, #28507-171, | ) | |
| | ) | |
| Petitioner, | ) | ORDER AND OPINION |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden of Tyger River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 7), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina. The Report concerns the Magistrate Judge's prescreening of Petitioner Curtis D. Richardson's ("Petitioner") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (DE 1.) The Report recommends that the Petition be summarily dismissed without prejudice and without requiring the Respondent to file an answer or return because Petitioner has not exhausted his available state court remedies. [1] (DE 7.)

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

A.    Background

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner, a state prisoner currently incarcerated at Tyger River Correctional Institution, initiated this action pursuant to 28 U.S.C. § 2254 seeking federal habeas relief related to his state court conviction and sentence. Specifically, Petitioner challenges his July 2024 conviction in Horry County for possession of a controlled substance and contends that his conviction and resulting incarceration are unlawful. (DE 1.) Petitioner did not file a direct appeal from his conviction. Instead, on November 7, 2024, Petitioner filed an application for post-conviction relief ("PCR") in state court, which remains pending.

Petitioner commenced this action on August 26, 2025, by filing the present § 2254 Petition. (DE 1.) Upon initial review, the Magistrate Judge determined that the Petition was subject to summary dismissal because Petitioner had not exhausted his available state court remedies. Under established law, state prisoners must exhaust available state remedies before seeking federal habeas relief.

B.    Report and Recommendation

On September 30, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be summarily dismissed without prejudice and without requiring the Respondent to file an answer or return. (DE 7.) The Magistrate Judge concluded that dismissal was warranted because Petitioner failed to exhaust his available state court remedies prior to seeking federal habeas relief. The Report explains that, under 28 U.S.C. § 2254(b)(1), state prisoners must

exhaust all available state court remedies before a federal court may consider a petition for habeas corpus. The Magistrate Judge noted that Petitioner filed an application for PCR in state court on November 7, 2024, and that the PCR proceeding remains pending. Because appellate review of the PCR court's decision is necessary to demonstrate exhaustion in South Carolina, the Magistrate Judge determined that Petitioner's federal habeas claims are unexhausted and premature at this stage. Accordingly, the Magistrate Judge recommended that the Petition be dismissed without prejudice so that Petitioner may complete the state court process before seeking federal habeas relief and reminded Petitioner to be mindful of the statute of limitations applicable to federal habeas actions.

C.     Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the

magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

D.    Petitioner's Objections

After issuance of the Report, Petitioner filed a handwritten objection. (DE 10.) Liberally construed, the objection does not meaningfully challenge the Magistrate Judge's finding that Petitioner failed to exhaust his available state court remedies prior to seeking federal habeas relief. Instead, Petitioner raises a series of arguments concerning his innocence, the nature of his conviction, alleged ineffective assistance of counsel, and the potential hardship caused by delays in the state PCR process.

For example, Petitioner asserts that he is an "innocent man" and disputes the Magistrate Judge's description of his underlying conviction, including the characterization of the offense as possession of methamphetamine or cocaine base rather than possession of crack cocaine. Petitioner further contends that his trial counsel refused to file an appeal on his behalf and that the anticipated delay in obtaining a PCR hearing may render the state process futile. Petitioner also describes personal and financial hardships associated with his incarceration, including the potential loss of his business and residence.

These assertions do not constitute specific objections to the Report within the meaning of 28 U.S.C. § 636(b)(1). Even assuming arguendo that Petitioner disputes the precise characterization of his conviction, such arguments concern the validity of his underlying criminal proceedings and are properly addressed through the state court process. The dispositive issue identified in the Report is whether Petitioner

4

exhausted his available state court remedies before filing this federal habeas action. The record reflects that Petitioner has an active PCR application pending in state court, and therefore, his claims remain unexhausted. Because Petitioner's objection does not meaningfully challenge that conclusion, the objection provides no basis to reject or modify the Magistrate Judge's recommendation.

Accordingly, the Court overrules Petitioner's objection.

E.    Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 7) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE and without requiring the Respondent to file an answer or return.

Further, it is ORDERED that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 10, 2026

5

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.