IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis D. Richardson,<br><br>Petitioner,<br><br>vs.<br><br>Warden of Tyger River Correctional Institution,<br>Respondent. | Case No.: 4:25-cv-11506-JD<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court on Petitioner Curtis D. Richardson's ("Petitioner") pro se Motion for Reconsideration (DE 16) of the Court's April 10, 2026, Order and Judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for failure to exhaust available state-court remedies. (DE 13, 14.) Petitioner seeks reconsideration because his state post-conviction relief ("PCR") application remains pending without a hearing date and because he contends that the state trial court lacked subject-matter jurisdiction over his criminal proceedings. (DE 16 at 1.)

For the reasons below, the Motion for Reconsideration (DE 16) is DENIED.

## I. BACKGROUND

Petitioner challenges his July 2024 conviction in Horry County, South Carolina. He did not pursue a direct appeal but filed a state PCR application on November 7, 2024. That application remained pending when he commenced this federal habeas action on August 26, 2025. (DE 1, 7.)

On September 30, 2025, the Magistrate Judge recommended dismissal without prejudice because Petitioner had not exhausted his available state-court remedies. (DE 7.) After considering Petitioner's objections (DE 10), the Court adopted the Report and dismissed the petition without prejudice on April 10, 2026. (DE 13.) Judgment was entered that same day. (DE 14.)

Petitioner later filed the present motion on May 19, 2026, and it was docketed on May 26, 2026. (DE 16.) He maintains that his PCR proceeding remains unresolved and that the state trial court's alleged lack of subject-matter jurisdiction excuses exhaustion.

## II. LEGAL STANDARD

Although Petitioner invokes Federal Rule of Civil Procedure 59(e), his motion was filed outside the Rule's twenty-eight-day period. Judgment was entered April 10, 2026, making May 8, 2026, the deadline for a Rule 59(e) motion. Even treating May 19, 2026, as the filing date under the prisoner-mailbox rule, the motion is untimely under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *Houston v. Lack*, 487 U.S. 266, 270–76 (1988).

The Court therefore construes the motion under Rule 60(b). *See MLC Automotive, LLC v. Town of Southern Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008). Rule 60(b)(1) authorizes relief from judgment for mistake, including a judicial mistake of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). The Rule does not, however, provide an unrestricted opportunity to relitigate matters previously

decided or substitute for an appeal. *See Aikens v. Ingram*, 652 F.3d 496, 500–01 (4th Cir. 2011) (en banc).

Because Petitioner challenges the Court's prior procedural dismissal for nonexhaustion, rather than a merits determination of his underlying habeas claims, the motion is properly considered under Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005).

## III. DISCUSSION

Petitioner principally argues that the delay in his state PCR proceedings excuses his failure to exhaust available state remedies. (DE 16 at 1.) Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner ordinarily must exhaust available state-court remedies before obtaining federal habeas relief. However, exhaustion may be excused where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii).

In *Hicks v. Frame*, 145 F.4th 408, 418–20 (4th Cir. 2025), the Fourth Circuit explained that the statutory exception requires consideration of whether state corrective procedures are presently ineffective. The court affirmed dismissal for nonexhaustion despite decades of delay because the state court had resumed meaningful proceedings and resolved the petitioner's PCR application. *Id.* at 419–20.

Petitioner's circumstances differ because he alleges that his PCR application remains pending without a hearing date. (DE 16 at 1.) The Court recognizes that *Hicks* did not establish a categorical rule that delay can never excuse exhaustion.

Rather, the relevant inquiry is whether circumstances presently render the available state process ineffective. *Hicks*, 145 F.4th at 418–20 & n.8.

Even so, Petitioner has not made a sufficient showing that the statutory exception applies. When he submitted his motion in May 2026, his PCR application had been pending for about eighteen months. Although he reports that no hearing had been scheduled, he provides no additional facts showing that the state corrective process is incapable of protecting his rights or that further efforts would be futile because of state dilatoriness or recalcitrance. *See Farmer v. Circuit Court of Maryland for Baltimore County*, 31 F.3d 219, 223 (4th Cir. 1994).

The Court acknowledges Petitioner's concern regarding the delay but concludes that his allegations do not establish that the Court committed a legal mistake in dismissing the federal petition without prejudice for nonexhaustion. Accordingly, Petitioner has not demonstrated grounds for relief under Rule 60(b)(1).

Petitioner's remaining contention—that the state trial court lacked subject-matter jurisdiction—likewise does not warrant reconsideration. (DE 16 at 1.) Characterizing a challenge to a state conviction as jurisdictional does not independently excuse the exhaustion requirement under § 2254(b)(1). The Court's April 10 Order did not adjudicate the validity of Petitioner's conviction or determine whether the state trial court possessed jurisdiction. It dismissed the federal petition on procedural grounds, leaving those underlying questions unresolved.

Petitioner identifies no other basis warranting relief from the judgment under Rule 60(b). Accordingly, the Court finds no grounds to disturb its prior dismissal without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Reconsideration (DE 16) is **DENIED**. The Court's April 10, 2026, Order and Judgment (DE 13, 14), dismissing the § 2254 petition without prejudice for failure to exhaust available state-court remedies, remain **UNDISTURBED**. This ruling does not address the merits of Petitioner's underlying constitutional claims or determine the timeliness or procedural viability of any future federal habeas petition.

**Certificate of Appealability**

The Court **DENIES** a certificate of appealability because Petitioner has not made the requisite showing under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find it debatable that Petitioner has failed to establish grounds for reopening the Court's procedural judgment under Rule 60(b). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Bixby v. Stirling*, 90 F.4th 140, 153–55 (4th Cir. 2024).

**IT IS SO ORDERED.**

s/ Joseph Dawson, III

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 27, 2026

## NOTICE OF RIGHT TO APPEAL

Petitioner is notified of the right to appeal this Order within thirty (30) days after its entry pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. A notice of appeal must be filed with the Clerk of Court. Although the Court has denied a certificate of appealability, Petitioner may request one from the United States Court of Appeals for the Fourth Circuit. See Rule 11(a), Rules Governing Section 2254 Cases.